UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH AURIEMMA, : <br> : <br> Petitioner, : <br> : Civil Action No. 04-3428 (JAG) <br> v. : <br> : **O P I N I O N** <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion of Petitioner Joseph Auriemma ("Petitioner"), pursuant to 28 U.S.C. § 2255, requesting that this Court vacate his sentence, in light of United States v. Booker, 125 S. Ct. 738 (2005).[1]  For the reasons set forth below, this Court denies Petitioner's motion.[2]

On September 20, 2002, Petitioner pled guilty to charges that he violated 18 U.S.C. §§ 1341 and 1346.  On July 11, 2003, this Court sentenced Petitioner to a 36-month term of imprisonment.  At sentencing, this Court denied Petitioner's motions for downward departures and enhanced Petitioner's sentence for obstruction of justice.  (Petitioner's Motion dated July 16, 2004 ("Pet. Mot."), at 1; Respondent's Brief dated April 22, 2005 ("Resp. Br."), at 2.)

---

[1] Although Petitioner relies on Blakely v. Washington, 124 S. Ct. 2531 (2004), in his original motion, his claim, which asserts that his sentencing under the United States Sentencing Guidelines violated his sixth amendment rights, actually arises under Booker, which was decided after Petitioner's initial motion was filed.  Petitioner addressed Booker in a subsequent submission to this Court.  (Petitioner's "Motion for a Judicial Determination" dated March 1, 2005.)

[2] After the entry of this Court's May 10, 2005 order denying Petitioner's motion, this Court received and reviewed Petitioner's Reply.  The Reply does not set forth any reason that persuades this Court that Booker should be applied retroactively to the instant case.

Petitioner did not file an appeal with the Third Circuit Court of Appeals.[3]  Accordingly, Petitioner's conviction and sentence became "final" in 2003, long before Booker was decided on January 12, 2005.  Although Petitioner's sentence became final pre-Booker, Petitioner contends that Booker applies retroactively on collateral review, and compels the conclusion that his motion should be granted.  This Court disagrees.

The Third Circuit Court of Appeals already has stated expressly that "Booker is applicable to all cases on direct review."  United States v. Davis, Nos. 02-4521, 03-1130, and 03-1160, 2005 WL 976941, at *2 (3d Cir. Apr. 28, 2005) (emphasis added).  Although the Court in Davis did not have reason to address specifically whether Booker applied retroactively on collateral review, in a separate decision, the court cited with approval decisions in other circuits, which hold that Booker does not apply retroactively in habeas review.  See In re Olopade, 403 F.3d 159, 160 n.1 (3d Cir. 2005) (citing cases); see also id. at 163 (noting that "there is no combination of Supreme Court decisions that 'dictates' that Booker has retroactive force on collateral review").

As a general rule, "a new rule of criminal procedure does not apply retroactively to cases that have become final before the new rule is announced."  See United States v. Swinton, 333

---

[3]If a defendant does not seek direct review of a conviction by the court of appeals, a conviction becomes "final" on the date on which the time for filing a direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  The deadline to file a notice of appeal in the district court expires within ten days of the entry of judgment.  See FED. R. APP. P. 4(b).  Failure to file such notice results in a "final" conviction and triggers the one year statute of limitations for filing § 2255 motions.

F.3d 481, 487 (3d Cir. 2003) (citing Teague v. Lane, 489 U.S. 288, 309-10 (1989)).[4]  This Circuit's precedent makes clear that the rule set forth in Booker constitutes a new rule of criminal procedure.  In Swinton, the Third Circuit Court of Appeals concluded that rules governing who decides a particular question, i.e., judge or jury, and under what standard, i.e., preponderance or beyond a reasonable doubt – the exact issues raised in Booker – are "about nothing but procedure."  333 F.3d at 488-89.  There also is nothing before this Court to suggest that Booker should be excepted from the general principle that new rules of criminal procedure should not be applied retroactively to convictions that became final prior to the pronouncement of those rules.  See supra note 3.  Accordingly, Booker is not applicable retroactively on collateral review of criminal judgments like Petitioner's, which became final prior to Booker.

       This Circuit's prior decisions further support this conclusion.  The Third Circuit Court of Appeals already has suggested that the decisions of the Supreme Court of the United States compel the determination that Booker does not apply retroactively to cases that became final pre-Booker.  See In re Olopade, 403 F.3d at 163 ("Considering that Booker, like Ring, is simply the

---

[4]As set forth in Swinton:

> [B]ecause of the interest in finality of judgments in the criminal justice system, a new rule of criminal procedure does not apply retroactively to cases that have become final before the new rule is announced.  There are two narrow exceptions.  A new rule of criminal procedure will apply retroactively if it (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty.  Teague's second exception is reserved for watershed rules of criminal procedure that not only improve the accuracy of trial, but also "alter our understanding of the bedrock procedural elements" essential to the fairness of a proceeding.

333 F.3d at 487-88 (internal citations omitted).

3

application of the principles of Apprendi to a particular subject, we conclude that the Schriro holding strongly suggests that Booker is likewise not retroactively applicable to cases on collateral review.") (internal citations omitted).[5]  Upon review of the parties' submissions and relevant case law, this Court concludes that Booker should not apply retroactively on habeas review to criminal judgments that became final prior to that decision.

Therefore, Petitioner's motion is denied.[6]

Dated:  May 13, 2005

        S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[5] In re Olapade involved a petitioner seeking the retroactive application of Booker in the context of a second or successive § 2255 motion.

[6] Petitioner sought other relief in two additional submissions to this Court, all of which must be denied as moot.  The second submission, entitled "Defendant Auriemma's Response to the Court's Notice and Order of 8/13/04," requested a stay of this Court's determination of the instant motion pending the resolution of Booker, as well as an additional 60 days to respond to Booker.  These requests are denied as moot, since Booker was decided on January 12, 2005, and Petitioner filed a third submission, a "Motion for Judicial Determination," in response to Booker.  Although Petitioner's third submission reiterated his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, Petitioner asserted therein that he was entitled to such relief based on United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Petitioner's reliance on Crosby is misplaced, since Crosby was a direct appeal of a conviction and sentence.